CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHAD J. PENNINGTON (MN Bar No. 0397620)[1]
(E-Mail: chad_pennington@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorney for Defendant
LUIS ARMANDO VICTORIA DOMINGUEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LUIS ARMANDO VICTORIA DOMINGUEZ,<br><br>　　　　Defendant. | Case No. 2:21-cr-00333-DMG<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF CHANGE OF PLEA FACTUAL BASIS** |

　　　　Defendant, Luis Dominguez, by and through his counsel of record, Deputy Federal Public Defender Chad Pennington, respectfully requests that the Court accept his proposed factual basis.

　　　　For purposes of a change of plea under Federal Rule of Criminal Procedure 11, a district court need only satisfy itself that there is a factual basis before accepting the plea.

---

[1] As a government attorney and a member of the New York and Minnesota State Bars, I have been admitted to practice before the United States District Court for the Central District of California.

1

*See United States v. Aquino*, 242 F.3d 859, 866 (9th Cir. 2001). The text of Rule 11 permits courts to reject certain types of plea agreements, but not guilty pleas. The Ninth Circuit has held that a district court *must* "accept an unconditional guilty plea, so long as the Rule 11() requirements are met." *In re Vasquez-Ramirez*, 443. F.3d 692, 696 (9th Cir. 2006). Rule 11(b)(3) requires the district court to determine that there is a factual basis to ensure that the defendant "is not mistaken about whether the conduct he admits to satisfies the elements of the offense charged." *McCarthy v. United States*, 394 U.S. 459, 466-67 (1969). In fact --although not the case here-- a court can find a factual basis even if the defendant insists he is innocent. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir. 1966). There is no specific method for establishing the factual basis. *See United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983). "Different judges do this in different ways, and many different ways are proper." *United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir. 2001). The plea colloquy must be sufficiently thorough to provide the defendant with an understanding of the law in relation to the facts. *McCarthy*, 394 at 466.

For these reasons, Mr. Dominguez's filed proposed factual basis is sufficient for purposes of his offer to enter a change of plea. Mr. Dominguez will admit to engaging in conduct, banding on the cockpit door, manipulating the cockpit door handle, and jumping out of the aircraft, that constitutes intimidation. *See e.g.*, *United States v. Tabacca*, 924 F.2d 906, 911 (9th Cir. 1991) (internal citations omitted) (analyzing 18 U.S.C. § 1472(j), which is now codified as § 46504, and finding that "proof that the victim was in fact frightened for his own physical safety is not required in order to find that a defendant performed the criminal act of intimidation. It is sufficient that the conduct and words of the accused would place an ordinary, reasonable person in fear."). Specifically, that his intimidating conduct placed flight crew members in fear and that his actions interfered with the flight crew members' duties and disturbed the functioning of the commercial airliner. In this case, the factual basis need not include an admission of assault for the Court to accept Mr. Dominguez's guilty plea.

He need not admit and the court cannot require him to admit facts that are not necessary to prove an element of the offense.

                                                Respectfully submitted,

                                                CUAUHTEMOC ORTEGA
                                                Federal Public Defender

DATED: October 8, 2021               By  */s/ Chad Pennington*
                                                CHAD PENNINGTON
                                                Deputy Federal Public Defender
                                                Attorney for Luis Armando Victoria Dominguez